**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOREY MICHAEL ADAMCIK,

                 Petitioner-Appellant,

v.

AL RAMIREZ, Warden,

                 Respondent-Appellee.

No.   20-35445

D.C. No. 1:18-cv-00015-CWD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted February 7, 2022
Seattle, Washington

Before: BYBEE and CHRISTEN, Circuit Judges, and SELNA,[**] District Judge.

Petitioner Torey Adamcik seeks relief from the district court's denial of his

federal habeas petition. Adamcik was convicted of first degree murder and

sentenced to life without parole. At the time of the crime, he was sixteen years old.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

Adamcik argues that his sentence of life without parole is unconstitutional because he is not one of the rare juveniles whose crime reflects irreparable corruption. *See Montgomery v. Louisiana*, 577 U.S. 190, 209 (2016). The district court granted deference to the last-reasoned state court opinion from the Idaho Supreme Court under 28 U.S.C. § 2254(d), and denied the petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), if a petitioner's constitutional claim was adjudicated on the merits in state court proceedings, a federal court must defer to the state court decision unless it "(1) was contrary to clearly established federal law as determined by the Supreme Court, (2) involved an unreasonable application of such law, or (3) . . . was based on an unreasonable determination of the facts in light of the record before the state court." *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018) (quoting *Fairbank v. Ayers*, 650 F.3d 1243, 1251 (9th Cir. 2011)).

"[T]he Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller v. Alabama*, 567 U.S. 460, 479 (2012). While *Miller* did not place an outright ban, it "did bar life without parole, however, for all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." *Montgomery*, 577 U.S. at 209.

2

By requiring a sentencing process that accounted for the offender's youth, *Miller* outlined "a procedural requirement necessary to implement a substantive guarantee." *Id.* at 210. However, neither *Miller* nor *Montgomery* imposed a formal factfinding requirement. *Jones v. Mississippi*, 141 S. Ct. 1307, 1313 (2021).

The district court correctly determined that the Idaho Supreme Court adjudicated Adamcik's substantive *Miller* claim on the merits. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). The Idaho Supreme Court acknowledged that Adamcik brought both procedural and substantive claims in his state postconviction proceedings. After reviewing the sentencing record, it concluded that Adamcik's sentence did not violate the Eighth Amendment, in part because "[t]he sentencing judge's conviction that Adamcik would kill again if released is the quintessence of finding him irreparably corrupt." While the Idaho Supreme Court's analysis focused on compliance with *Miller*'s procedural requirements, in doing so it considered the same evidence that would be relevant to the merits of Adamcik's substantive *Miller* claim.

The Idaho Supreme Court opinion also did not contradict or unreasonably apply clearly established federal law, nor was it based on an unreasonable determination of fact. "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," AEDPA precludes federal habeas relief. *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Idaho Supreme Court reviewed in detail the sentencing judge's consideration of Adamcik's youth, as well as the facts of the crime. Based on the record before the Idaho Supreme Court, it was reasonable to conclude that Adamcik's sentence was not disproportionate in violation of the Eighth Amendment.

The fact that the state courts declined to hold a postconviction evidentiary hearing on Adamcik's substantive *Miller* claim is also not grounds for habeas relief. *Montgomery* described evidence of postsentencing behavior as "one kind of evidence that prisoners might use to demonstrate rehabilitation" at a parole hearing. *Montgomery*, 577 U.S. at 213. However, Adamcik does not present a persuasive argument that this requires the state court to hold an evidentiary hearing

4

and consider evidence of rehabilitation to adjudicate his habeas claim.  Adamcik received a discretionary sentencing hearing where the sentencing judge considered evidence of his youth.  Procedurally, that is both "constitutionally necessary and constitutionally sufficient."  *Jones*, 141 S. Ct. at 1313.

**PETITION DENIED**.